UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST J PAGELS, JR,

    Plaintiff,

v.

                      Case No. 16-CV-0831-PP

UNKNOWN,

    Defendants.

**DECISION AND ORDER DISMISSING COMPLAINT (DKT. NO. 1) AND DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 3)**

On June 29, 2016, plaintiff Ernest Pagels filed a complaint against unknown defendants. Dkt. No. 1. On July 11, 2016, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee, Dkt. No. 3, a letter naming individuals he does not wish to sue, Dkt. No. 4, and several personal documents, Dkt. No. 5. In his complaint, the plaintiff describes his mental health and trust issues, and asks the court to stop the harassment he states that he receives when police officers and police dispatchers in Waukesha and Milwaukee counties hang up on his calls for help. Dkt. No. 1 at 2. The plaintiff does not identify any particular officers but does provide a list of people that he does not want to sue. Dkt. No. 4.

If a court finds that the allegations in a complaint have "no possibility of the court having authority to provide relief to the plaintiff," then the case does not belong in federal court. <u>Carter v. Homeward Residential, Inc.</u>, 794 F.3d

1

806, 807 (7th Cir. 2015)(citations omitted). In other words, a finding that the complaint, on its face, is frivolous or nonjusticiable is enough to denote that the case does not invoke federal jurisdiction. Id. at 808.

There is no relief that this court can provide to the plaintiff. Even if the plaintiff's allegations were true, the court cannot prevent unknown officers and dispatchers from hanging up the phone when he calls. The complaint does not provide enough factual information (including the real names of any defendants) to state a claim over which this court can exercise jurisdiction.

It appears that the plaintiff may have realized this fact, because on July 21, 2016, he filed a letter, telling the court that he wanted to dismiss all of the lawsuits he had before the court. Dkt. No. 6. The plaintiff has filed thirteen civil rights cases and one miscellaneous case in this district (eleven since May 2014). The plaintiff represented himself in each of those cases. Almost all of those cases were dismissed voluntarily by the plaintiff, or were dismissed by the court at the screening stage for lack of subject matter jurisdiction or for failure to state a claim for which relief can be granted. Because the plaintiff's repetitive frivolous filings are impeding the court's ability to function efficiently, the court will warn the plaintiff that the court may sanction him if he continues to file complaints that do not belong in federal court.

For the reasons stated, the court **ORDERS** that this complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Dkt. No. 1. The court **DIRECTS** the clerk to enter a judgment dismissing the complaint.

The court further **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **DENIED** as moot. Dkt. No. 3.

The court also **WARNS** the plaintiff that if he continues to file frivolous complaints, the court **MAY SANCTION** the plaintiff by (1) denying *in forma pauperis* status and the requiring the plaintiff to pay the filing fees associated with any future complaint that he files in this court; (2) imposing a monetary fine; and/or (3) barring the plaintiff from filing future cases or documents in this district.

Dated in Milwaukee, Wisconsin this 25th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge